UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAMELL STURDIVANT, | ) |
| Petitioner, | ) Case No. 15-cv-9405 |
| v. | ) Judge Sharon Johnson Coleman |
| KIM BUTLER, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

Petitioner, Ramell Sturdivant, filed a writ of habeas corpus alleging that he was deprived of his constitutional rights at multiple points during the course of his trial. The government now moves to dismiss Sturdivant's petition as time-barred. For the reasons set forth below, this Court grants that motion [14].

**Background**

Following a jury trial, Sturdivant was convicted of first degree murder and sentenced to thirty-two years in prison. Sturdivant appealed his conviction to the Illinois Appellate Court and the Illinois Supreme Court, before filing a petition for a writ of certiorari with the United States Supreme Court. That writ was denied on June 25, 2012. On December 19, 2012, one-hundred-and-seventy-six days later, Sturdivant filed a post-conviction petition in the Circuit Court of Cook County. Sturdivant's post-conviction petition was denied, and he appealed that denial to the Illinois Appellate Court and then to the Illinois Supreme Court, which denied his petition for leave to appeal on January 28, 2015. Sturdivant subsequently filed the present petition for habeas corpus.

1

Although Sturdivant states he filed his petition on September 18, 2015, this Court notes that his petition was notarized on September 22, 2015 and thus could not have been filed prior to that date. As is pertinent here, Sturdivant asserts that he was held in segregated confinement at Menard Correctional Center from March 14, 2014 until March 25, 2015. Although uncontroverted prison records suggest that Sturdivant exited segregated confinement on March 12, 2015, that discrepancy need not be resolved in order to rule on the present motion.

While Sturdivant was in segregated confinement, his appointed counsel withdrew from his post-conviction appeal. Because he was in segregated confinement, Sturdivant was unable to procure the assistance of jailhouse lawyers in the general population who had previously assisted him with his legal filings. Accordingly, Sturdivant sought to solicit the aid of legal clerks working for Menard's law library. These clerks, fellow inmates with no legal training, provided copying services for those members of Menard's population engaged in pending legal matters. The legal clerks that Sturdivant asked refused to help him, stating either that they had no legal training or that they were prohibited from assisting other inmates with their legal matters.

On August 24, 2014, a jailhouse lawyer named Travis Weston was admitted to segregated confinement. Sturdivant promptly sent Weston a "scribe" explaining his alleged mental illness and his current legal dilemma. Regrettably, Sturdivant also sent Weston all of his legal documents. Weston did not respond to Sturdivant's scribe, so after waiting a few days Sturdivant "yelled down the gallery to other inmates to grab his attention." Sturdivant then learned that Weston had been transferred out of segregated confinement while he was in possession of all of Sturdivant's legal documents. Because Sturdivant was in segregated confinement, he was unable to contact Weston or secure the return of his legal papers. Sturdivant had no further contact with Weston until March 2015, when Sturdivant was released into the general population and was again able to contact

2

Weston by Scribe. Weston subsequently assisted Sturdivant in researching and preparing this petition.

After Sturdivant filed this petition, this Court ordered him to show cause why this case should not be dismissed pursuant to the statute of limitations. Sturdivant responded to that order to show cause, asserting that the statute of limitations should be statutorily or equitably tolled. Accordingly this Court discharged the order to show cause. The respondent subsequently filed the present motion to dismiss based on the statute of limitations. Despite a lengthy extension, Sturdivant failed to timely file a response to that motion. Rather than treating the present motion as unopposed, however, this Court will instead consider those arguments that Sturdivant advanced in his response to the show-cause order.

**Discussion**

A one-year statute of limitations applies to habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* The statute of limitations is tolled, however, while an application for state post-conviction review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2).

Here, Sturdivant's conviction became final on June 25, 2012, when the Supreme Court denied his petition for a writ of certiorari on direct appeal. Thus, the limitations period ran from that date until December 19, 2012, when Sturdivant filed his postconviction petition. The limitations period was then tolled until January 29, 2015, when Sturdivant's post-conviction petition for leave to appeal was denied. Accordingly, the statutory limitations period expired on August 6, 2015. Sturdivant, however, contends that he is entitled to either statutory or equitable tolling of the limitations period, based on numerous obstacles that he faced in filing the present petition.

Sturdivant first contends that he is entitled to statutory tolling. Section 2244 provides that the limitations period does not begin to run until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Here, Sturdivant contends that multiple state impediments prevented him from filing while he was in segregated confinement. Specifically, Sturdivant contends that (1) prison policy barred inmate law clerks from assisting other inmates with their legal problems; (2) prison policy prevented inmates in segregated confinement from communicating with their jailhouse lawyers who were in the general population; and (3) prison policy prevented jailhouse lawyers transferred out of segregation from returning legal papers to "clients" remaining in segregation. Aside from a conclusory assertion that these policies burdened his right of access under *Bounds v. Smith*, however, Sturdivant does not identify any legal authority demonstrating that these policies violated the constitution or federal laws.

The constitution requires that prison authorities provide prisoners with adequate law libraries or adequate assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). But here, there is no allegation that Sturdivant was denied access to a prison law library. Moreover, Sturdivant concedes that the inmate law clerks were not trained in the law; he therefore had no constitutional right to *their* legal assistance under *Bounds*. Nor was it illegal for the prison to interfere in Sturdivant's contact with his jailhouse lawyer while Sturdivant was in segregated confinement. *Knell v. Bensinger,* 522 F.2d 720, 727 (7th Cir. 1975). And, finally, this Court notes that Sturdivant has not plausibly argued how his unfortunate decision to send his legal papers to another inmate, sight unseen, constituted a state-created impediment to the filing of his petition. *Cf. United States v. Cicero*, 214 F.3d 199, 204–05 (D.C. Cir. 2000) (recognizing that inmates entrust jailhouse lawyers with their legal documents at their own peril).

4

Alternatively, Sturdivant contends that he is entitled to equitable tolling. A litigant seeking equitable tolling of the statute of limitations bears the burden of establishing both that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). Here, Sturdivant contends that equitable tolling is warranted in light of (1) his "mental dysfunction and illiteracy"; (2) the unavailability of assistance from the prison law clerks or jailhouse lawyers; and (3) his jailhouse lawyer's inability to return Sturdivant's legal papers.

This Court does not perceive an extraordinary circumstance that prevented Sturdivant from filing his petition on time. Although Sturdivant asserts that he suffers from a mental disorder, he fails to elaborate on the nature or extent of his impairment or to describe in any detail how his condition actually prevented him from exercising his rights. Absent such explanations, this Court cannot determine that tolling is warranted. *See Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) ("[M]ental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them."). Similarly, Sturdivant's alleged illiteracy, absent more, does not warrant equitable tolling. *See Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001) (denying equitable tolling for a litigant who had limited education, lacked knowledge of the United States legal system, and had limited understanding of English), overruled on other grounds by *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).

Sturdivant's claim that he could not obtain assistance from prison law clerks or jailhouse lawyers similarly fails, because it is well established that a lack of law clerk assistance or the unavailability of jailhouse lawyers does not justify equitable tolling. *See Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008) (recognizing that lack of legal expertise or limited access to a law library are not grounds for equitable tolling); *Malone v. Oklahoma*, 100 Fed. Appx. 795, 798 (10th Cir. 2004) (recognizing that the absence of law clerk assistance did not justify equitable tolling);

*Pittman v. Chandler*, No. 07 C 765, 2007 WL 2601258, at *2 (N.D. Ill. Sept. 10, 2007) (Kocoras, J.) (holding that equitable tolling was not justified based on prison law clerks' refusal to answer legal questions).

Finally, Sturdivant contends that equitable tolling is warranted because he was unable to retrieve his legal papers from Weston for the duration of his stay in segregated confinement. Ordinarily, a prison's arbitrary withholding of an inmate's legal papers, for a long period of time, can justify equitable tolling. *See, e.g., Espinoza-Matthews v. California*, 432 F.3d 1021, 1027–1028 (9th Cir. 2005) (holding that a petitioner denied access to his legal papers for nearly 11 months was entitled to equitable tolling). Here, however, Sturdivant intentionally sent his legal files to another inmate who was then transferred to another housing unit. It is well established that equitable tolling is not warranted where a petitioner entrusts his legal papers to another inmate and, through a housing transfer, loses access to them. *United States v. Cicero*, 214 F.3d 199, 204–05 (D.C. Cir. 2000). Accordingly, Sturdivant is not entitled to equitable tolling of the statute of limitations.[1]

When a court dismisses a habeas petition, it must issue or deny a certificate of appealability. When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claims, the petitioner must show both that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling in order for a certificate of appealability to enter. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). On the basis of the foregoing analysis, this Court concludes that Sturdivant has not established that a reasonable jurist could debate this Court's

---

[1] This Court is sympathetic to the challenges faced by incarcerated litigants, especially those housed in segregated confinement. But Sturdivant was not blameless here; his actions directly or indirectly contributed to many of the obstacles that caused him to miss the filing deadline in this case.

procedural ruling dismissing his petition. Accordingly, this Court declines to issue a certificate of appealability.

**Conclusion**

For the foregoing reasons, Sturdivant's petition for a writ of habeas corpus is dismissed with prejudice and a certificate of appealability does not issue.

IT IS SO ORDERED.

Date: December 16, 2016    Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge